9409. MAYOR AND COUNCIL OF GAINESVILLE *v.* GAINES.

BROYLES, P. J. 1. Under the facts disclosed by the record the cause of action was not barred by the statute of limitations.

2. Where a nuisance is not of a permanent nature, but one that may be abated at any time, and upon its abatement no further injury would result, the person whose land is injured by the nuisance is not entitled to recover damages for both past and prospective injuries to the land, but can recover damages for only such injuries as were actually sustained, within the period prescribed by the statute of limitations, before the suit was brought. *Langley* v. *Augusta,* 118 *Ga.* 590 (45 S. E. 486, 98 Am. St. R. 133).

3. In this case the suit was for permanent injuries to land, alleged to have

been caused by a nuisance of a permanent nature, and damages for both past and prospective injuries were sought. The defendant, the Mayor and Council of the City of Gainesville, introduced no. evidence. The undisputed evidence introduced by the plaintiff showed that the nuisance was one that could be abated at any time, and that upon its abatement no further injury would result to his land. Under these facts, and the ruling stated above, the verdict, finding damages for both past and prospective injuries to the land, was contrary to law and the evidence, and the court erred in overruling the motion for a new trial.

4. It is unnecessary to consider the assignments of error other than those dealt with above.

*Judgment reversed. Bloodworth and Harwell, JJ., concur.*
DECIDED JULY 10, 1918.

Action for damages; from city court of Hall county—Judge Wheeler. November 8, 1917.

*C. N. Davie, W. B. Sloan,* for plaintiff in error.

*H. H. Perry, W. A. Charters, W. N. Oliver,* contra.